

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorney for Plaintiff,
ANTHONY MURCIA

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY MURCIA,<br><br>    Plaintiff,<br><br>v.<br><br>RICKENBACKER COLLECTION SERVICES,<br><br>    Defendant. | Case No. 10 7344<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## VERIFIED COMPLAINT

ANTHONY MURCIA (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against RICKENBACKER COLLECTION SERVICES. (Defendant):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiffs' Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business and maintains its office in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in San Ramon, Contra Costa County, California.

9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiff as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiff.

11. Defendant is a company with an office located in Morgan Hill, California.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed to Fitness 2000.

14. Defendant places calls to Plaintiff's cell phone number.

15. Defendant called Plaintiff three to four times in one day.

PLAINTIFF'S COMPLAINT

16. Defendant placed automated calls to Plaintiff.

17. Defendant left automated messages when Plaintiff did not answer the phone.

18. Defendant fails to identify itself when placing collection calls to Plaintiff.

19. Defendant has not sent a debt validation letter to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and/or continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive and/or misleading representation or means in connection with the collection of a debt.

   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating with Plaintiff in an attempt to collect upon an alleged debt without providing written validation as requested by Plaintiff.

   e. Defendant violated *§1692g(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a

copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, ANTHONY MURCIA, respectfully requests judgment be entered against Defendant, RICKENBACKER COLLECTION SERVICES, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat and re-allege all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   c. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, ANTHONY MURCIA, respectfully request judgment be entered against Defendant, RICKENBACKER COLLECTION SERVICES, for the following:

28. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

29. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

30. Actual damages,

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

32. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANTHONY MURCIA, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: February 16, 2010

KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

-5-

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, ANTHONY MURCIA, state as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ANTHONY MURCIA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2/12/2010

_____
ANTHONY MURCIA